UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLORESCIENCE, INC, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN BOUCHE, ERIC D. NIELSON, and THE NIELSEN LAW FIRM, P.C., <br><br> Defendants. | Case No.: 20cv595-GPC(AGS) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** <br><br> [Dkt. No. 21.] |

Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), 12(b)(2), and 12(b)(3). (Dkt. No. 21.) Plaintiff filed an opposition and Defendants replied. (Dkt. Nos. 25, 27.) Based on the reasoning below, the Court DENIES Plaintiff's motion to dismiss.

**Factual Background**

Plaintiff Colorescience ("Plaintiff") is a small corporation that develops, markets, and sells skin care products. (Dkt. No. 1, Comp. ¶¶ 1, 8.) It provides medical, dental, vision, and prescription drug benefits to employees and their dependents and these benefits are self-insured by Plaintiff. (*Id.* ¶ 9.) Plaintiff is the Plan Administrator of the Colorescience Welfare Benefit Plan ("Plan"). (*Id.* at p. 2.) The Plan is an ERISA-

1

covered welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(2)(A), and Plaintiff is a "fiduciary" and "administrator" as defined under ERISA, 29 U.S.C. §§ 1002(16) and (21). (*Id.* ¶ 1.)

Defendant Stephen Bouche ("Stephen") is the son of Deborah Bouche ("Deborah"), who is an employee of Colorescience. (*Id.* ¶ 11.) Effective January 1, 2018, Stephen was enrolled for coverage under the Plan as Deborah's dependent and became a Plan Participant under the Plan. (*Id.*) The Plan defines Plan Participants to mean employees or their dependents. (*Id.* ¶ 10.)

According to Plaintiff, around February 25, 2014, Stephen Bouche was injured in an accident which occurred in Houston, Texas on the premises of Quantum Hospitality, LLP ("Quantum Hospitality"). (*Id.* ¶ 12.) On August 5, 2015, Stephen Bouche filed a civil action in the District Court of Harris County, Texas ("Harris County Tort Action") against Quantum Hospitality for negligence that caused the alleged injuries sustained by him in the February 25, 2014 accident. (*Id.* ¶ 13.) Defendant Eric Nielsen, ("Mr. Nielsen") of the Defendant Nielsen Law Firm is counsel of record for Stephen in the Harris County Tort Action. (*Id.* ¶ 14.) Around February 2018, Bouche had back surgery to address the injuries he suffered as a result of his accident on February 25, 2014. (*Id.* ¶ 15.) The Plan paid $477,093.98 to the medical providers and professionals who performed the back surgery. (*Id.* ¶ 16.)

Under the terms of the Plan, Plaintiff claims it is entitled to a subrogation lien to recover 100% of the benefits paid when a recovery through settlement, judgment, award or other payment is received by a Plan Participant. (*Id.* ¶¶ 17-19.) On April 19, 2019, Plaintiff's counsel sent a letter to Mr. Nielsen along with a copy of the Plan notifying him of the subrogation lien arising under the terms of the Plan, Plaintiff's intent to exercise such lien, its right to an equitable lien on any benefits received by Stephen in the Harris County action and the right to be reimbursed for the medical benefits. (*Id.* ¶ 20; *id.*, Ex. B.) In May, 2019, Plaintiff filed a petition to intervene in the Harris County state action "(a) in order to provide notice to the parties of the provisions of the Plan . . . and of the

existence of its potential subrogation and equitable lien and right to reimbursement of medical expenses paid to or on behalf of Stephen Bouche and (b) to enable it to monitor the Harris County Tort Action so it would have prompt access to information concerning any recovery by Stephen in that action by way of settlement or otherwise." (*Id.* ¶ 21.) Trial in the Harris County Tort Action was scheduled to commence in late February 2020 but on February 26, 2020, Plaintiff's counsel learned that a settlement had been reached. (*Id.* ¶ 22.) On February 27, 2020, Plaintiff's counsel wrote a letter to Mr. Nielsen and "requested additional details concerning the settlement, reminded Mr. Nielsen of the Plan's subrogation lien, and demanded repayment by Stephen of the $477,093.98 in medical benefits which had been paid by the Plan." (*Id.* ¶ 23.) In response, Mr. Nielson requested documents confirming the $477,093.98 medical benefits paid by the Plan." (*Id.*) On March 3, 2020, Plaintiff's counsel provided Mr. Nielsen with documents confirming the $477,093.98 medical benefits paid by the Plan. (*Id.* ¶ 24; *id.*, Ex. D.) On March 23, 2020, a telephone conversation took place between Mr. Nielsen and Plaintiff's counsel where Plaintiff's counsel learned that the amount of the settlement in the Harris County Tort Action was $2 million and it was Mr. Nielson's position that Plaintiff did not have an enforceable subrogation lien and/or that it had waived that lien. (*Id.* ¶¶ 25-26.)

On March 30, 2020, Plaintiff filed its Complaint seeking to enforce its subrogation lien, a constructive trust and injunctive relief under 29 U.S.C. § 1132(a)(3) in this Court. (Dkt. No. 1, Compl.) On the same day, Plaintiff filed a motion for temporary restraining order ("TRO") "enjoining Stephen Bouche, [Mr.] Nielsen, the Nielson Law Firm P.C., and any other party from dissipating, transferring, pledging, spending, disposing of, or encumbering the settlement proceeds received or to be received by or on behalf of Stephen Bouche from the action pending in the District Court for Harris County, Texas captioned *Stephen Bouche v. Quantum Hospitality, LLP*, Cause No. 45760." (Dkt. No. 2.) After full briefing by the parties, and a hearing, the Court denied the TRO on April 9, 2020. (Dkt. No. 17.) The Court concluded that Plaintiff had not established irreparable harm as well as a likelihood of success on the merits because there were disputed issues

of material fact as to whether Defendant Bouche was a Plan Participant; (*id.* at 7); the applicability of Section 10.06C of the Plan, (*id.* at 9); and whether the February 2018 surgery related to the injuries he suffered from the slip and fall in February 2014. (*Id.*)

Defendants now move to dismiss the complaint arguing that Stephen was never a Plan Participant; therefore, Plaintiff has no rights to recover from him and cannot use the equitable enforcement provisions of ERISA. Moreover, because ERISA does not apply in this case, the Court lacks personal jurisdiction over Defendants under Federal Rule of Civil Procedure 12(b)(2) and this district is not the proper venue under Federal Rule of Civil Procedure 12(b)(3).

## Discussion

**A.      Legal Standard as to Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and

4

20cv595-GPC(AGS)

reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

## Analysis

Defendants move to dismiss arguing that Plaintiff has no contractual right of subrogation or any other right to recover under the Plan because Stephen was never a Plan Participant under the terms of the Plan. (Dkt. No. 21 at 5.) In support, Defendants rely on documents, including the declarations of Deborah Bouche, Stephen Bouche and Eric Nielson, that are not referenced in the Complaint. In response, Plaintiff notes that Defendants are relying on the declarations outside the Complaint which is not proper on a Rule 12(b)(6) motion. Then it further argues that to the extent that the Court considers Defendants' extrinsic evidence, then it should also consider the documents submitted in support of its motion for TRO that provides factual background concerning its position that Stephen is a Plan Participant. (Dkt. No. 25 at 7.) In reply, Defendants argue that if the Court concludes it has jurisdiction over the case, they move to convert their motion to dismiss to a motion for summary judgment as there is no genuine issue of material fact whether Stephen is a Plan Participant as defined under the Plan.

On a motion to dismiss, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "When a district court does consider such extraneous evidence, the general rule is that the motion is converted into a motion for summary judgment, and the non-moving party must be allowed to conduct discovery in order to oppose that motion." *Inlandboatmens Union of Pacific v. Dutra Grp.*, 279 F.3d 1075, 1083 (9th Cir. 2002) (*overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014)); *see also E.E.O.C. v. Creative Networks, LLC*, Case

No. CV 05–3032, 2006 WL 3834286, at *3 (D. Ariz. Dec. 29, 2006) (refusing to convert a motion to dismiss into motion for summary judgment based on documents extraneous to complaint because the preliminary stages of discovery and Rule 26(a) disclosures had not occurred).

Here, Defendants did not request the conversion of the motion to dismiss to a motion for summary judgment until they filed their reply.  Therefore, Plaintiff did not have an opportunity to respond and whether it would need discovery before responding to a motion for summary judgment.[1]  Accordingly, the Court DENIES Defendants' request to convert the motion to dismiss to a motion for summary judgment.  Alternatively, even if the Court were to consider these additional documents which were largely presented during the motion for TRO, the Court already concluded there was a material issue of disputed fact whether Stephen was a Plan Participant.  (Dkt. No. 17.)  On a motion to dismiss, the Court consider whether Plaintiff has plausibly alleged a cause of action under the equitable enforcement provision of ERISA.

In order to secure "an equitable lien by agreement in an ERISA action", a plaintiff must show 1) "a promise by the beneficiary to reimburse the fiduciary for benefits paid under the plan in the event of a recovery from a third party"; 2) the reimbursement agreement must "specifically identif[y] a particular fund, distinct from the [beneficiary's] general assets," from which the fiduciary will be reimbursed. . . . "; 3) "the funds specifically identified by the fiduciary must be "within the possession and control of the [beneficiary]." *Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1092-1093 (9th Cir. 2012) (quoting *Sereboff v. MidAtlantic Med. Servs., Inc.*, 547 U.S. 356, 363-64 (2007)).

---

[1] While Plaintiff noted that Defendants relied on documents outside the Complaint and then asked the Court to consider its documents, it is not clear whether Plaintiff was conceding to a summary judgment ruling.

Here, on the first and second elements, the Complaint alleges that Stephen is a Plan Participant and Sections 13.01 and 13.03 of the Plan provide that Plaintiff is entitled to an automatic equitable lien to any benefits the Plan Participant may receive against a third party for injuries suffered and includes a right of reimbursement under which the Plan is entitled to recover 100% of the benefits paid by a third party. (Dkt. No. 1, Compl. ¶¶ 18-19.) Third, on the allegation that the funds must be within the possession and control of Stephen or Mr. Nielsen, his attorney, the Complaint alleges that the settlement proceeds had not yet been paid to Stephen or Mr. Nielsen (*Id.* ¶ 27.) However, at the TRO hearing, Mr. Nielsen announced he filed an interpleader and deposited $477,093.98, the amount sought in the Complaint, into the court registry for the District Court for Harris County, Texas. As such, Defendants argue that they no longer have possession of any Plan property and that the Nielsen and the Nielsen Law Firm should be dismissed. (Dkt. No. 21 at 11.) However, courts in other circuits have held a plan may sue a third-party or a non-party to a plan under § 502(a)(3) and depositing specific funds into a court's registry satisfies the third factor. *See Admin. Comm. for Wal-Mart Stores, Inc. Assoc. Health & Welfare Plan v. Willard*, 393 F.3d 1119, 1124-25 (10th Cir. 2004) (after recovery of a third-party settlement, the defendant agreed to have the settlement fund placed in the Court's registry and court held the plaintiff appropriately sought equitable relief because "although Mr. Willard is not in physical possession of the settlement proceeds, he did exercise control over the funds and can be deemed to be in constructive possession of the funds."); *Admin. Comm. for Wal-Mart Stores, Inc. Assoc. Health & Welfare Plan v. Horton*, 513 F.3d 1223, 1229 (11th Cir. 2008) ("the most important consideration is not the identity of the defendant, but rather that the settlement proceeds are still intact, and thus constitute an identifiable res that can be restored to its rightful recipient."); *Unitedhealth Grp. Inc. v. MacElree Harvey, Ltd.*, Civil Action No. 16-1026, 2016 WL 4440358, at *9 (E.D. Pa. Aug. 23, 2016) ("If the settlement fund was placed in a court registry or in escrow, Plaintiffs could seek a constructive trust to enforce an equitable lien over the fund.").

Accordingly, Plaintiff has plausibly alleged a claim for equitable subrogation and constructive trust under 29 U.S.C. § 1132(a)(3) and the Court DENIES Defendants' motion to dismiss for failing to state a claim under Rule 12(b)(6).

If the Court concludes that Stephen was not a Plan Participant, Defendants further argue that the Court should dismiss the Complaint for lack of personal jurisdiction and improper venue. However, Defendants do not appear to dispute that the Court has personal jurisdiction and venue is proper if the ERISA claim remains. (Dkt. No. 25 at 6 (Plaintiff noting Defendants appear to concede that if the Complaint states an ERISA claim, the Court has personal jurisdiction over them and venue is proper in this district).)

ERISA provides for "nationwide service of process." *See* 29 U.S.C. § 1132(e)(2) (an ERISA action may be brought in federal district court "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."); *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (stating that § 1132(e)(2) authorizes "nationwide service of process."). In addition, if there is nationwide service of process, then on the issue of venue, the question becomes whether Defendants have sufficient contacts with the United States and not with California. *See Sec. Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1315 (9th Cir. 1985) (Where a federal statute . . . confers nationwide service of process, "the question becomes whether the party has sufficient contacts with the United States, not any particular state."). Because Defendants do not dispute the Court has personal jurisdiction over Defendants and venue is proper in this district under the ERISA statute, the Court DENIES Defendants' motion to dismiss for lack of personal jurisdiction and improper venue.

/ / /
/ / /
/ / /
/ / /

## Conclusion

Based on the above, the Court DENIES Defendants' motion to dismiss pursuant to Rule 12(b)(6), 12(b)(2) and 12(b)(3).  The hearing set for June 19, 2020 shall be **vacated.**

IT IS SO ORDERED.

Dated:  June 10, 2020

Hon. Gonzalo P. Curiel
United States District Judge