UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

COLORESCIENCE, INC,

Plaintiff,

v.

STEPHEN BOUCHE, ERIC D. NIELSON, and THE NIELSEN LAW FIRM, P.C.,

Defendants.

Case No.:  20cv595-GPC(AGS)

**ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE AND GRANTING TRANSFER REGISTRY FUNDS TO THIS COURT [DKT. NO. 40.]**

Before the Court is Plaintiff's motion to consolidate related cases and transfer registry funds to this Court.  (Dkt. No. 40.)  Defendants filed an opposition and Plaintiff replied.  (Dkt. Nos. 45, 48.)  Based on the reasoning below, the Court GRANTS Plaintiff's motion to consolidate and motion to transfer of the registry funds to this Court.

**Background**

On March 30, 2020, Plaintiff Colorescience, Inc. ("Plaintiff" or "Colorescience") filed a complaint against Defendants Stephen Bouche ("Bouche"), Eric D. Nielson, and the Nielsen Law Firm, P.C. (collectively "Defendants") seeking to enforce its subrogation lien, a constructive trust and injunctive relief under an ERISA provision, 29 U.S.C. § 1132(a)(3).  (Dkt. No. 1, Compl.)  On the same day, Plaintiff filed a motion for temporary

restraining order ("TRO") "enjoining Stephen Bouche, [Mr.] Nielsen, the Nielson Law Firm P.C., and any other party from dissipating, transferring, pledging, spending, disposing of, or encumbering the settlement proceeds received or to be received by or on behalf of Stephen Bouche from the action pending in the District Court for Harris County, Texas captioned *Stephen Bouche v. Quantum Hospitality, LLP*, Cause No. 45760. (Dkt. No. 2.) After full briefing by the parties, and a hearing, the Court denied the TRO on April 9, 2020. (Dkt. No. 17.) On April 21, 2020, Defendant filed a motion to dismiss arguing that Stephen was never a Plan Participant; therefore, the Court lacks personal jurisdiction over Defendants because Plaintiff cannot use the equitable enforcement provisions of ERISA to support nationwide personal jurisdiction. The Court denied the motion to dismiss on June 10, 2020 because Plaintiff plausibly alleged claims for equitable subrogation and constructive trust. (Dkt. Nos. 21, 28.) In its order, the Court also noted that Defendants relied on evidence outside the complaint but denied Defendants' request to convert the motion to dismiss to a motion for summary judgment because Plaintiff did not have an opportunity to respond to the request. (Dkt. No. 28 at 6.)

On June 26, 2020, Defendants filed a motion for summary judgment repeating the argument that Stephen was never a "Plan Participant" or "Dependent" as defined under the Plan; therefore, the Court does not have subject matter over the case and personal jurisdiction over Defendants. (Dkt. No. 30.) On July 22, 2020, the Court granted Plaintiff's ex parte request to extend time to file a response to the motion for summary judgment in order to conduct discovery pursuant to Federal Rule of Civil Procedure ("Rule") 56(d). (Dkt. No. 39.) The hearing has been continued to November 20, 2020. (*Id.* at 5.)

Meanwhile, in Texas, on April 9, 2020, Bouche filed an interpleader in the state court case of *Stephen Bouche v. Quantum Hospitality, LLC* and deposited $477,093.98 in the Harris County Registry. (Case No. 20cv1136-GPC(DEB), Dkt. No. 1-2 at 2.) Colorescience subsequently filed a notice of removal to the Southern District of Texas as

a Plaintiff in Intervention.  (20cv1136-GPC(DEB), Dkt. No. 1.)  On April 30, 2020, Colorescience filed an answer and a claim to the interpleaded fund.  (*Id.*, Dkt. Nos. 9, 10.)  On June 23, 2020, the district court in the Southern District of Texas denied Bouche's motion to remand and granted Colorescience's motion to transfer the case to this district under the first to file rule.  (*Id.*, Dkt. No. 24.)  On the same day, the case was transferred to this Court from the Southern District of Texas.  (*Id.*, Dkt. No. 25.).  On June 29, 2020, the case was low numbered to this case and assigned to the same undersigned judge.  (*Id.*, Dkt. No. 27.)

In the instant motion, Plaintiff seeks a court order to consolidate this case with the interpleader case under Rule 42(a) because both cases arise out of identical transactions and events, involve the same parties and property, and involve the same questions of law and fact.  It also moves for an order directing the transfer of funds in the amount of $477,093.98 plus any accrued interest, from the registry of the District Court of Harris County, Texas to this Court's registry pursuant to Rule 67.

## A     Motion to Consolidate

Rule 42(a) states that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  A court has "broad discretion under this rule to consolidate cases pending in the same district."  *Investors Research Co. v. U.S. Dist. Ct.,* 877 F.2d 777, 777 (9th Cir. 1989); *see also Zhu v. UCBH Holdings, Inc*., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010); *E.E.O.C. v. HBE Corp*., 135 F.3d 543, 550 (8th Cir. 1998) ("consolidation should be upheld unless there has been a clear abuse of discretion").  The threshold issue in deciding consolidation is whether the cases under consideration for consolidation involve common questions of law or fact.  *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994); *Seguro de Servicio de Salud v. McAuto Sys. Grp.*, 878 F.2d 5, 8 (1st Cir. 1989); *Frazier v. Garrison I.S.D.,* 980 F.2d 1514, 1531 (5th Cir. 1993). Then "[t]o determine whether to consolidate, a court weighs the interest of judicial

convenience against the potential for delay, confusion and prejudice caused by consolidation." *Southwest Marine, Inc. v. Triple A Machine Shop, Inc.,* 720 F. Supp. 805, 807 (N.D. Cal. 1989).   The actions need not be identical before consolidation.  *Roberts v. Cnty. of Riverside*, Case No. EDCV 19-1877 JGB (SHKx), 2020 WL 5045152, at *1 (C.D. Cal. May 8, 2020) (citing *Takeda v. Turbodyne Techs., Inc*., 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (writing that Rule 42 does not "demand[ ] that the actions be identical before they may be consolidated")).   The burden is on the moving party to persuade the court to grant its motion to consolidate. *MacAlister v. Guterma*, 263 F.2d 65, 70 (2d Cir. 1958); *Servants of the Paraclete, Inc. v. Great American Ins. Co*., 866 F. Supp. 1560, 1572 (D.N.M. 1994) ("The party moving for consolidation bears the burden of proving that consolidation is desirable.").   A motion for consolidation will usually be granted unless the party opposing it can show "demonstrable prejudice." *Seguro de Servicio de Salud*, 878 F.2d at 8 (citation omitted).

Here, Colorescience argues that the Court should consolidate the cases because there are common issues of fact and law that arise from the same transactions and events and involve the same parties.  Defendants merely argue that the Court lacks jurisdiction over both cases because Colorescience falsely alleges claims under ERISA.  As such, they argue "there is no viable underlying case into which the case transferred from the Southern District of Texas can be consolidated."  (Dkt. No. 45 at 2.)  Defendants maintain that because the court lack jurisdiction over this case and the interpleader complaint, the interpleader complaint must be dismissed or transferred back to the Southern District of Texas.  (*Id.* at 2-3.)

Defendants do not oppose the motion to consolidate on any basis the Court must consider.  It is not disputed that the two cases involve the same parties, the same facts and legal issues and will involve the same discovery.  Both cases concern Plaintiff's claim that it is entitled to a subrogation lien and constructive trust on certain of Bouche's personal injury settlement.  Further, the amount sought exclusive of attorneys' fees and costs is the amount subject to the interpleader, $477,093.98.  As such, consolidation will

enhance the efficiency of the proceeding by avoiding unnecessary duplication of evidence and procedures.  Accordingly, the Court GRANTS Plaintiff's motion to consolidate this case with 20cv1036-GPC(DEB).

**B.     Transfer of Registry Funds**

Plaintiff seeks the transfer of the registry funds arguing the Court has jurisdiction over it under 28 U.S.C. § 1450.  Defendants summarily assert, without providing any legal authority, in one sentence, that the Court has no jurisdiction over the 295th District Court of Harris County, Texas to order funds to be transferred to this Court.  (Dkt. No. 45 at 3.)

Pursuant to 28 U.S.C. § 1450[1], the Court has jurisdiction over the interpleaded funds once removal occurs.  *See Nevada Ass'n Servs., Inc. v. Yanke*, No. 2:13CV1386-RCJ, 2014 WL 1577242, at *1 (D. Nev. Apr. 17, 2014) (granting "motion to transfer and deposit funds from state court into federal court because jurisdiction over the res was transferred to this Court automatically upon removal citing 28 U.S.C. § 1450).

Because the interpleader complaint was transferred to this District, the interpleader funds are necessarily related to the interpleader complaint.  Accordingly, the Court GRANTS Plaintiff's motion to transfer registry funds to this Court.

**Conclusion**

Based on the above, the Court GRANTS Plaintiff's motion to consolidate with 20cv1136-GPC(DEB).  The parties shall make all filings in the low numbered case, 20cv595-GPC(DEB).  The Court also GRANTS Plaintiff's motion to transfer registry and DIRECTS the transfer of the interpleaded funds in the amount of $477,093.98 plus any accrued interest from the registry of the District Court of Harris County, Texas to the

---

[1] "Whenever any action is removed from a State court to a district court of the United States, any attachment or sequestration of the goods or estate of the defendant in such action in the State court shall hold the goods or estate to answer the final judgment or decree in the same manner as they would have been held to answer final judgment or decree had it been rendered by the State court."  28 U.S.C. § 1450.

registry of this Court until final resolution of the case. The hearing set on October 2, 2020

shall be **vacated.**

      IT IS SO ORDERED.

Dated:  September 25, 2020

Hon. Gonzalo P. Curiel
United States District Judge

20cv595-GPC(AGS)